UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FABIAN WHITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:13 CV 300 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Fabian White, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE # 1.) In WCU #12-04-0295, a hearing officer found White guilty of trafficking, resulting in the loss of earned-time credits and a credit-class demotion. (DE # 6-3 at 1.) The charge was initiated on April 13, 2012, when Officer C. Whelan wrote a conduct report stating as follows:

> On 1/12/2012 the Indiana Department of Corrections began to Assist an outside Law Enforcement Agency in a criminal investigation into trafficking from Indianapolis Area to South Bend Indiana to the Indiana State Prison. Through the investigation and from interviews and evidence it had been determined that offender White 109152 play[s] an integral part in this trafficking operation thus resulting in this conduct report. Details of the investigation can be viewed in IA Case 12-Wcc-0034.
>
> Due to the active criminal investigation and forwarding to prosecution all Internal Activity on the investigation was suspended. The investigation/ review for prosecution is still active but Internal Reports on misconduct are being filed at this time.

(DE # 6-1.)

On April 16, 2012, White was formally notified of the charge and given a copy of the conduct report. (DE ## 6-1, 6-2.) He pled not guilty, requested a lay advocate, did

not request any witness statements, and requested "any evidence that proves my guilt." (DE # 6-2 at 1.) On April 25, 2012, the hearing officer conducted a hearing on the charge. (DE # 6-3 at 1.) White complained that he was not permitted to review the internal affairs file, and argued "there is no evidence of my guilt." (*Id.*) Based on the staff reports and a review of the internal affairs file, the hearing officer found White guilty. (*Id.* at 1-2.) His administrative appeals were denied (DE ## 6-4, 6-5), and he thereafter filed this petition.

When a due process liberty interest is at stake in prison disciplinary hearings, the Fourteenth Amendment guarantees prisoners certain procedural due process protections: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

As an initial matter, the respondent requests that the confidential internal affairs file be maintained under seal due to security concerns. (DE # 7.) Upon review, the court agrees that this file contains highly sensitive information, the disclosure of which could be harmful to other individuals or compromise the security of the facility. Accordingly, the motion will be granted. *See Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1078 (7th Cir. 1994); *Wells v. Israel*, 854 F.2d 995, 999-1000 (7th Cir. 1988).

Turning to the petition, White first claims that there is insufficient evidence of his guilt. The crux of his complaint appears to be that the internal affairs file was kept confidential. However, "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public[.]" *White* v. *Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Due process does require that confidential information bear sufficient indicia of reliability. *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995). Reliability can be established based on the following: (1) the oath of the investigating officer as to the truth of his report; (2) corroborating testimony; (3) a statement on the record by the chairman of the disciplinary committee that he had firsthand knowledge of the sources of information and considered them reliable on the basis of a past record of reliability; or (4) an *in camera* review of the material. *Id.* If a disciplinary board fails to address the information's reliability, the district court may conduct its own review. *Henderson*, 13 F.3d at 1077); *Wells*, 854 F.2d at 999-1000.

Here, the hearing officer did not address the reliability of the report, but the court has independently reviewed the file, and without revealing its contents, concludes that it contains extensive and reliable evidence of White's involvement in the trafficking scheme, including incriminating statements he himself made to investigators. To the extent White is claiming that the evidence as a whole was insufficient, the court disagrees. In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison

3

disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added). A habeas court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson*, 13 F.3d at 1077.

Upon review, there is sufficient evidence to support the hearing officer's determination that White was guilty of trafficking, including the contents of the internal affairs file. In addition to the evidence gathered by investigators, White made incriminating statements about his part in the scheme, which involved extensive trafficking of drugs, cell phones, tobacco, and other items at ISP. It is not the task of this court to independently review the evidence to determine guilt or innocence; rather, the question is whether there is some evidence to support the hearing officer's determination, and that standard is more than satisfied here. *See Hill*, 472 U.S. at 457; *see also Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (witness statements constituted some evidence); *McPherson*, 188 F.3d at 786 (conduct report provided some evidence to support disciplinary determination).

It can be discerned from the petition that White envisioned the hearing proceeding like a criminal trial, but "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such

proceedings does not apply." *Wolff*, 418 U.S. at 556. The hearing officer was not required to produce physical evidence to support the charge or permit White to "confront" the witnesses or evidence against him. *See Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) ("Inmates have no right to confront and cross examine adverse witnesses; thus, a disciplinary board's decision is not limited to evidence presented at the hearing."). Nor was the hearing officer required to prove his guilt beyond a reasonable doubt. *See Hill*, 472 U.S. at 457 (evidence was sufficient even though it was "meager" and there was no direct evidence of guilt); *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) (guilty finding may be based on circumstantial evidence). As stated, there only needs to be "some evidence" in the record to support the guilty finding, and that standard is satisfied.

White's remaining claim is that he did not receive proper notice of the charge. The notice requirement is intended to permit the inmate time and opportunity to "marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. To satisfy due process, the notice must be given at least 24 hours in advance, must alert the inmate to the rule that he allegedly violated, and must summarize the facts underlying the charge. *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (per curiam); *Whitford*, 63 F.3d at 534. That standard is satisfied here. White was given a copy of the conduct report accusing him of trafficking and citing the applicable disciplinary rule; in addition, the internal affairs file reflects that White was given a significant amount of information about the investigation and the evidence against him, including evidence obtained pursuant to a

5

search warrant executed outside the prison. In response, White made incriminating statements about his involvement in the trafficking scheme during a 30-minute recorded interview.

The record thus reflects that White was well aware of the facts underlying the charge, and that he had sufficient time and opportunity to mount a defense. He has not established a violation of his federal due process rights. To the extent he is claiming that Indiana Department of Correction ("IDOC") polices were not followed regarding the notice, this would not provide a basis for granting federal habeas relief in any event. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas relief is only available for a violation of the U.S. Constitution or other federal laws); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997) (alleged violation of IDOC policy in disciplinary proceeding could not support grant of habeas relief, since federal habeas court "does not sit to correct any errors of state law"). Accordingly, this claim is denied.

For these reasons, the respondent's motion for leave to submit evidence under seal (DE # 7) is **GRANTED**. The petition (DE # 1) is **DENIED**.

                                           **SO ORDERED.**

Date: December 11, 2013

                                      s/James T. Moody  
                                      JUDGE JAMES T. MOODY  
                                      UNITED STATES DISTRICT COURT